19219

CITY OF MYRTLE BEACH, Respondent, v. Bernard MAYER and Julia J. Mayer, Appellants

(181 S. E. (2d) 265)

*Messrs. Burroughs & Green,* of Conway, for *Appellant,*

132

*Messrs. Bellamy, Rutenberg & Epps,* of Myrtle Beach, *for Respondent,*

May 11, 1971.

BRAILSFORD, Justice:

The City of Myrtle Beach brought this action to enjoin the defendants from operating a children's dancing school in their home in alleged violation of the zoning ordinance of the municipality. The court below, rejecting the recommendation of the master in equity, found that a dancing school was not among the uses permitted within the residential district in which the defendants reside, and issued the injunction. The question presented is whether a dancing school is a use permitted by the applicable subsection of the ordinance, which allows:

"(2) Public schools, elementary, high and educational institutions having a curriculum the same as ordinarily given in public schools."

The defendants contend that their private dancing school meets this description of permitted uses as an educational institution "having a curriculum the same as ordinarily given in public schools." They urge that the meaning of the word "curriculum" does not necessarily comprehend the whole body of instruction at a school, but may signify a particular course of instruction in a single discipline. The municipality concedes that defendants' school is an educational institution which has a curriculum, but urges that it utterly fails to meet the further requirement of the ordinance that such curriculum be "the same as ordinarily given in public schools."

The furtherest reach of the record on this point merely establishes that dancing is taught in Myrtle Beach public schools as part of the curriculum of the department of physical education. Of course, to say that both institutions teach dancing is far short of saying that, even as to this one discipline, their curricula are the same. By clear inference, the two are not really comparable. In fact, the master made a specific finding that the public school curriculum "does not include dancing as being taught by (defendants)." We are mindful that terms descriptive of permitted uses under zoning regulations are to be liberally construed in favor of the landowner. However, we must agree with the conclusion of the circuit court that by the clear terms of the ordinance the defendants' dancing school was not a use permitted in the district in question.

Defendants next contend that they have been discriminated against in the enforcement of the zoning regulations in such a way as to deny them the equal protection of the laws. The record indicates that some laxity in enforcement has existed. In some instances so-called "permissive uses" have been granted by city council, whereby

an applicant has been permitted to engage in some non-conforming use in a residential district. However, these have been confined to comparatively innocuous pursuits, for example, a one-chair beauty shop operated by a housewife, where no objection was voiced by neighbors, and this practice was discontinued entirely before the commencement of this action. There is no claim that other dancing schools have been permitted in residential districts. The evidence falls far short of establishing such discriminatory enforcement of the regulations as to amount to a denial to defendants of equal protection of the laws. See 16 Am. Jur. (2d), Constitutional Law, Sec. 541 (1964) ; *Momeier v. John McAlister, Inc.*, 203 S. C. 353, 27 S. E. (2d) 504, 511 (1943).

Finally, defendants charge that the circuit court erred in considering the exceptions to the master's report because they were so general and indefinite as to be in violation of Rule 4, Section 6 of the Rules of the South Carolina Supreme Court. The exceptions raising this issue are without merit because the rule relied upon applies on appeals to this court only. It has no application to appeals from the report of a master or referee.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.